UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN GREGORIO SALAZA TORRES,

           Petitioner,

-vs-                                                      Case No. 8:10-cv-197-T-33MAP

UNITED STATES OF AMERICA,

           Respondent.
_____/

**ORDER**

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Petitioner Salaza Torres is a federal prisoner incarcerated at FCI, Fort Dix, New Jersey. Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

Salaza Torres' entire petition reads:

    APPLICATION FOR RELIEF UNDER TITLE 28 U.S.C. § 2241

    COMES NOW the petitioner, in the now cited request, and seeks placement on this Court's calendar and docketing by the receipt of this request.

    The Petitioner's issues exceed the basis for facilitating the lawful necessity of this request, as the District Court and the United States Government, to date, are in violation of law and ethics in the matter.

> The Petitioner will offer in his docketed brief, argument and proof of necessity of this motion. The Petitioner awaits his scheduling and docketing, as a grant of this application.

(Doc. 1)

## BACKGROUND

Salaza Torres was convicted and sentenced to one hundred and sixty-eight months incarceration after he pled guilty, pursuant to a plea agreement, to Count One of the Indictment in Case 8:08-cr-12-T-30TGW. (Doc. cr-37). Count One charged Salaza Torres with conspiracy to possess with intent to distribute five or more kilograms of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b); and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. cr-70).

Judgment was entered June 27, 2008. (Doc. cr-70). Salaza Torres filed a timely Notice of Appeal on July 11, 2008. (Doc. cr-71). On March 9, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. (Doc. cr-95). The mandate issued April 7, 2009.

Salaza Torres did not file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct and allegedly illegal sentence. Instead, he filed the present 28 U.S.C. § 2241 petition for writ of habeas corpus on January 13, 2010.

## DISCUSSION

A review of the civil and criminal files demonstrates that the 28 U.S.C. § 2241 petition must be denied for two reasons.

First, Salaza Torres has not complied with 28 U.S.C. § 2255(e) which reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The record shows that Salaza Torres has never applied for relief by 28 U.S.C. §2255 motion to vacate, set aside, or correct an illegal sentence to the Court that sentenced him. Therefore, he has improperly filed the present 28 U.S.C. § 2241 petition for writ of habeas corpus.

Second, Salaza Torres has failed to raise any grounds for relief in the present petition for writ of habeas corpus.

Accordingly, the Court orders:

That Salaza Torres' 28 U.S.C. § 2241 petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Salaza Torres and to close this case.

ORDERED at Tampa, Florida, on February 1, 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Juan Gregorio Salaza Torres